# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

UNITED STATES OF AMERICA

VS.

HENRY CAICEDO

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed on or After November 1, 1987)

CASE NUMBER: 96-149-CR-T-23E

Defendant's Attorney: DAVID T. WEISBROD

THE DEFENDANT:

_X_ pleaded guilty to count One.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offenses:

| TITLE & SECTION | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT NUMBER(S) |
|---|---|---|---|
| 21 U.S.C. § 846 | Conspiracy to possess with intent to distribute cocaine. | May 3, 1996 | One |

The defendant is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

_X_ It is ordered that the defendant shall pay a special assessment of $100.00, for count one, which shall be due immediately.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: 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

Defendant's Date of Birth: November 7, 1951

Defendant's Mailing Address: c/o U.S. Marshal

Defendant's Residence Address: c/o U.S. Marshal

Date of Imposition of Sentence: February 18, 1997

**STEVEN D. MERRYDAY**
**UNITED STATES DISTRICT JUDGE**

DATE: February 23, 1997

M'FILM ROLL # 3
DOCUMENT # 2030

82

Defendant: Henry Caicedo
Case No.:  96-149-CR-T-23E

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 87 MONTHS.

_X_ The court makes the following recommendations to the Bureau of Prisons:  The Court recommends confinement in the Southern District of New Jersey.

_X_ The defendant is remanded to the custody of the United States Marshal.
___ The defendant shall surrender to the United States Marshal for this district.

    ___ at ___ on _____.
    ___ as notified by the United States Marshal.

___ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

    ___ before 2 p.m. on _____.
    ___ as notified by the United States Marshal.
    ___ as notified by the probation office.
    ___ as notified by the United States Marshal, but not before _____.

## RETURN

I have executed this judgment as follows:

_____
_____
_____
Defendant delivered on _____ to _____ at
_____, with a certified copy of this judgment.

_____

United States Marshal

By:_____
Deputy Marshal

Defendant: Henry Caicedo                    Judgment - Page _3_ of _4_
Case No.:   96-149-CR-T-23E

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of THREE YEARS.

While on supervised release, the defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance, and shall not possess a firearm or destructive device. The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime. In addition:

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instruction of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer within 72 hours of any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.